

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Mr. Cole:

Opinion No. O-4465

Re: Whether or not, under the cir-
cumstances stated, Liberty
County may pay her County At-
torney, who is absent in the
Army, his salary out of the
Officers' Salary Fund.

We have your letter of February 28, 1942, as follows:

"You are advised that the County Attorney
of Liberty County, Texas has voluntarily join-
ed the Intelligence Corp of the United States
Army.

"The County Attorney has not resigned his
position as County Attorney but has appointed
an assistant to act in his absence from the
county.

"Under these circumstances may the county
continue to pay the salary to the County At-
torney?

"If your answer to the above question is
in the affirmative you are requested to rule,
in addition, to the following question:

"The population of Liberty County is in ex-
cess of 20,000 and therefore all county officials
are paid out of the Officers Salary Fund. The
receipts to Officers Salary Fund are derived from
fees of office, transfers from General Fund, and
a per capita apportionment paid by the State Comp-

Honorable Murphy Cole - page 2

troller out of the State Treasury. Therefore,
a portion of the salary of the County Attorney
is derived from receipts from the State Treasury, as would have likewise been the case if
the county were still on the fee system, because
the County Attorney earns fees in criminal cases
(i.e. cases which are carried to District Court
in counties on the fee system), and the per capita
apportionment is allotted to counties in lieu of
fees paid direct where the county operates under
the Officers Salary Fund.

"Therefore, your opinion is sought, as to
whether the Constitutional prohibition whereby
the State Comptroller may not pay any salary
out of the State Treasury to any individual who
is also receiving pay from the Federal Government, would apply in the local case where State
money is remitted to the local Treasury for payment of salaries to officials of political subdivisions, where such official is in the armed
forces?"

Section 33 of Article XVI of the Constitution provides:

"The accounting officers of this State shall
neither draw nor pay a warrant upon the treasury
in favor of any person, for salary or compensation as agent, officer or appointee, who holds at
the same time any other office or position of honor,
trust or profit, under this State or the United
States, except as prescribed in this Constitution.
* * *"

This Section does not supervene to prevent the payment of the County Attorney of Liberty County, because the
pay of the County Attorney is not by warrant upon the treasury of the State, but, on the contrary, is by the county out
of the Officers' Salary Fund.

It can make no difference that a part of this Officers' Salary Fund may be constituted by the allocation from
the State Treasury. The fact remains that when it is thus
constituted and the amount thereof has been transmitted to
the county authorities, it ceases to be State funds and becomes a part of the Officers' Salary Fund of the county, and

as such is disbursable by the county authorities.

What we have said, in connection with what we have heretofore ruled in Opinion No. O-3448, a copy of which opinion we hand you herewith, will sufficiently answer your inquiry, we trust.

For your further information, however, we suggest that, should such county official accept and exercise an office in the Army, he would vacate his county office, under Section 12 of Article XVI of the Constitution, as held by us in Opinion No. O-4343, copy of which is also attached hereto.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS-MR

Enclosure



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN